Judge Sherman
dissenting.—The assignment of notes, not legally transferable, is a fruitful fource of litigation fraud and other mischiefs, therefore not to be encouraged.— In this state there is no statute making them negotiable, but the assignee is considered only acting as attorney for the original promissee until he receives payment of the duty contained in the note, and then he may by virtue of the *37 assignment, apply it to his own use. Therefore the agreement set up in this cafe must be considered in law as made between the original promiss or and promissee in the note, who acted by his attorney, the assignee; and amounts to no more than an accord to pay the note in a different manner. And this accord not having been executed, could have no legal effect. It could not bar an action on the note, nor could it give another action to recover the duty contained in the note while it remained in force. But if the promissee might have had his election on either, yet he could be entitled to but one satisfaction, and the promiss or having paid and satisfied the note, cannot be subject to another action for the same debt.—The plaintiff in this action might have had his remedy at law against the assignor of the note for discharging it, but if he could not obtain satisfaction in that way by reason of his absconding or insolvency, still he could have no remedy at law against the present defendant, but must resort to a suit in equity, if the defendant had been guilty of any collusive conduct with the promissee to defraud him.—These principles I think are supported by reason and precedent adjudications; but not having the books before me, I cannot refer to the particular cases.